Filed 1/30/14  P. v. Jovel CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OSCAR JOVEL,<br><br>Defendant and Appellant. | B248670<br><br>(Los Angeles County<br>Super. Ct. No. BA402622) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert Perry, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Oscar Jovel was charged by information with second degree robbery (Pen. Code, § 211), as well as deadly weapon allegations (§ 12022, subd. (b)(1)). Defendant timely appeals his judgment of conviction and sentence.

We appointed appellate counsel to represent him. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file any supplemental brief with this court.

The jury trial took place over three days, and the testimony revealed the following facts: On September 13, 2012, at approximately 1:00 a.m., Jose Beltran was walking in the Koreatown neighborhood of Los Angeles, on his way home from work. He was approached by two men and a woman, on the corner of 8th Street and Berendo Street. Beltran identified defendant as one of the men who approached him.

The woman asked Beltran if he had any cigarettes. Beltran said that he did not have any, but defendant asked him, again, whether he had any cigarettes. Defendant then tried to grab Beltran's cell phone, but Beltran held onto it, and the two struggled over the phone. Eventually, defendant was able to take the phone's headphones from Beltran. Defendant handed the headphones to the other man, who tried to return the headphones to Beltran. However, defendant then stabbed Beltran in the side, and the headphones were not returned to him. The three people walked over to a nearby apartment building, and Beltran called police. Beltran testified that his attacker did not have any tattoos.

Los Angeles Police Officers Anthony Kong and Dustin Contreras responded to the scene, and were directed to an apartment complex by Beltran. Officer Kong saw the suspects through the glass door to the apartment's lobby, however, the suspects were unable to see officers from the lobby. While the responding officers were waiting for backup, the suspects walked out of the lobby. Officers Kong and Contreras were able to arrest defendant and another man, but the woman got away. Officer Maurice Brunel

2

searched defendant, and found a folding knife in his front pants pocket. Beltran identified defendant as the person who took his headphones and stabbed him.

Defendant testified that he was at the apartment complex to see a friend about a job cleaning a stove at a restaurant. He had the knife, which was broken, to scrape grease off the stove. Defendant had a three dots tattoo on his face, as well as a "13" on his face, and a cross on his neck. He did not have the "13" at the time of the robbery, but had received it in jail. He did not rob anyone on September 13, 2012.

Defendant was found guilty, and the deadly weapon allegation was found true. Defendant was sentenced to four years in prison, consisting of the midterm of three years for the robbery, with a one-year enhancement under Penal Code section 12022, subdivision (b)(1). He was given a total of 208 days of custody credit, consisting of 181 days of actual custody credits and 27 days of good time/work time credits.

We have examined the entire record, consisting of one volume of a clerk's transcript and one volume of a reporter's transcript, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.) We therefore affirm judgment below.

### DISPOSITION

The judgment is affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.